RONALD J. HARSHA, ADMR. OF THE ESTATE OF HENRY RAY HARSHA, *et al.*, Plaintiffs-Counter Defendants-Appellants, *v.* PEORIA & EASTERN RAILROAD COMPANY, Defendant-Counter Plaintiff-Appellee.

(No. 11237; ▇▇▇▇▇▇▇▇

Fourth District—April 30, 1971.

*Rehearing denied June 9, 1971.*

Costigan & Wollrab, of Bloomington, for appellants.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Henry Ray Harsha, while driving the dump truck of his employer, West Township of McLean County, on November 7, 1963, was struck by the train of the Peoria and Eastern Railroad Company (P. & E.). The accident occurred at the intersection of the P. & E. tracks and John Street in Farmer City, Illinois. Harsha was killed and the truck was a total loss.

A suit was filed by the administrator of Harsha's estate on behalf of his next of kin and by West Township for damages sustained to its truck. P. & E. filed a counterclaim for damage to its locomotive.

A jury trial resulted in a verdict for $15,000 for the administrator and $5,520 for West Township. The trial court granted a post-trial motion filed by defendant and entered judgment *n.o.v.* in favor of defendant. Appeal has been taken from the judgment *n.o.v.*

The sole issue is whether the trial court correctly ruled that plaintiff's intestate was guilty of contributory negligence as a matter of law.

The record discloses that in the immediate vicinity of the accident location John Street runs north and south. The P. & E. track intersects

John Street at approximately a 45-degree angle, running northwest-southeast. At a point south of the P. & E. crossing of John Street two sets of tracks of the Illinois Central Railroad (I.C.) cross the street in the nature of a "Y" lying on its side with the top or larger portion of the "Y" extending in an easterly direction. The northerlymost I. C. track crosses John Street approximately 300 feet south of the P. & E. crossing on a northeast-southwest line. The southerlymost track, which is a spur track for elevators, crosses the street approximately 450 feet south of the P. & E. crossing. Some 225 feet southeast of the John Street-P. & E. crossing the I. C. and P. & E. cross. In the triangle made by John Street, P. & E. railroad track and I. C. track, there are no buildings and no obstructions to the view from John Street to the P. & E. A highway motorist has a clear view of 245 feet of the P. & E. track at all times in the 300 feet of John Street immediately south of the P. & E. crossing. However, the P. & E. track at the crossing is at a 45-degree angle and extends to the southeast. The only building on the south side of the P. & E. track is the I.C. depot, located 480 feet east of John Street and between the two sets of I.C. tracks. This is a 40-foot building.

The evidence is that plaintiff's intestate was very familiar with the crossing and tracks, having driven over them at least twice daily for three years before the accident. He was driving north on John Street at about 10 to 20 miles per hour. The train was traveling 46 miles per hour, with its lead engine's whistle, bell and light operating from a point $\frac{8}{10}$ths of a mile southeast of the crossing. The train consisted of two engines and 50 cars. The entire area of view was flat.

The evidence is that plaintiff's intestate never slowed his truck and never looked in the direction of the train as he approached the crossing.

A verified petition of defendant to the Illinois Commerce Commission was admitted into evidence. This petition requested the Illinois Commerce Commission to designate the John Street-P. & E. crossing as extra-hazardous and to install flashing lights.

The jury returned a verdict for plaintiffs and the court, upon motion of defendant, entered a judgment *n.o.v.* for defendant.

■■ The rule established in this State in *Pedrick v. Peoria & Eastern R.R.* (1967), 37 Ill.2d 494, 229 N.E.2d 504 has been quoted and followed in numerous cases to the effect that:

"In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, where viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R.* (1969), 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-514.

A review of the instant case persuades us that the facts and circumstances of the nature of the crossing and the area of view had by the driver were such that the decedent was contributorily negligent as a matter of law. No undue obstructions to view or distractions were shown to have been present.

■■■ As was stated in *Overman v. Illinois Cent. R.R.* (2nd Dist. 1962), 34 Ill.App.2d 30, 42, 180 N.E.2d 213, 218-219:

"Railroad crossings are dangerous places, and in crossing them a person must approach the track with a degree of care proportionate or commensurate to the known danger * * *. A traveler must make diligent use of his senses of sight and hearing, retain proper control of his vehicle, and exercise care commensurate with the danger to be anticipated. One who has an unobstructed view of an approaching train is not justified in closing his eyes or failing to look. A plaintiff cannot be permitted to say he looked and did not see an approaching train, when the view is not obstructed and had he looked he would have seen it. There may, however, be facts and circumstances such as obstructions to view or distractions that might mislead a plaintiff, without his fault, or excuse a failure to look and listen. But if the view of a crossing is obscured, and the location of the crossing is known to the traveler, it is the traveler's duty to approach the crossing with the amount of care commensurate with the situation as it exists,—his duty is enhanced rather than excused by such circumstances * * *."

■■ In the instant case, the undisputed eyewitnesses testified plaintiff's intestate did not look in the direction of the train and did not slow his truck. It is the burden of the plaintiff to prove due care. There is nothing in this record to show due care. The trial court correctly held that this record established that plaintiff's decedent was contributorily negligent as a matter of law.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.